UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AARON BOONE,

                            Petitioner,

         -against-

JOSEPH SMITH, Superintendent,

                            Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-4630 (CBA)(RML)

**AMON, United States District Judge.**

This Court has received and conducted a <u>de novo</u> review of the well-reasoned Report and Recommendation ("Recommendation") of the Honorable Robert M. Levy, United States Magistrate Judge, dated January 7, 2009, recommending that this Court deny petitioner Aaron Boone's ("Boone" or "petitioner") habeas corpus petition, filed on November 6, 2007. Boone asserts two grounds for federal habeas relief pursuant to 28 U.S.C. § 2254: 1) that the jury improperly considered an extra-record map during jury deliberations, violating his rights to due process, a fair trial, and trial by jury pursuant to the Fifth, Sixth and Fourteenth Amendments, and 2) that the trial court improperly seated a juror against whom Boone had exercised a peremptory challenge, violating his rights to due process and equal protection under the Fifth and Fourteenth Amendments. Boone filed a timely objection to the Recommendation.

The Magistrate Judge's analysis of both issues properly disposes of these claims. Furthermore, as to Boone's second claim, the Court notes that since the filing of the Recommendation, the Supreme Court decided <u>Rivera v. Illinois</u>, 129 S.Ct. 1446 (2009). In <u>Rivera</u>, the Supreme Court of Illinois held that a trial court's denial of a defendant's peremptory challenge was in error, but was nevertheless harmless. <u>Rivera</u>, 129 S.Ct. at 1450. The Supreme Court granted certiorari to determine "whether the erroneous denial of a peremptory challenge

requires automatic reversal of a defendant's conviction as a matter of federal law." Id. at 1452. The Rivera Court concluded that "[i]f a defendant is tried before a qualified jury composed of individuals not challengeable for cause, the loss of a peremptory challenge due to a state court's good-faith error is not a matter of federal constitutional concern. Rather, it is a matter for the State to address under its own laws." Id. at 1453. Furthermore, the Court stated that "[a] mere error of state law . . . is not a denial of due process." Id. at 1454. "This Court has 'long recognized' that 'peremptory challenges are not of federal constitutional dimension.'" Id. at 1450 (quoting United States v. Martinez-Salazar, 528 U.S. 304, 311 (2000)). Accordingly, Boone has not raised a viable constitutional claim.

The Court hereby adopts the Recommendation of January 7, 2009. Since Boone has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment in accordance with this order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2010

/Signed by Judge Amon
Carol Bagley Amon
United States District Judge